## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| Randy Washington (R-73598), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 15 C 10776 |
| v. | ) | |
| | ) | Judge Charles R. Norgle |
| | ) | |
| A H Kulisek #15054, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

### I.    Introduction

Plaintiff Randy Washington, currently an inmate in the custody of the Illinois Department of Corrections, filed the instant action *pro se* pursuant to 42 U.S.C. § 1983, alleging false arrest/false imprisonment in connection with his October 28, 2013 arrest. (Dkt. 1)  In his complaint, Plaintiff named Chicago Police Officers Andrew Kulisek and Mark Cobarrubias as Defendants.  On February 28, 2016, the Court ordered Plaintiff to show cause as to why the complaint, which was signed on November 20, 2015 and received in this Court on November 20, 2015, should not be dismissed as untimely. (Dkt. 7)  After considering Plaintiff's response to the show cause order, the Court dismissed Plaintiff's complaint and this case on timeliness grounds, and assessed a strike. (Dkt. 11)  Judgment was entered the same day. (Dkt. 12)

Subsequently, Plaintiff submitted a motion under Rule 59(e) seeking reconsideration of the Court's March 30, 2016 dismissal order. (Dkt. 17)  In this motion, Plaintiff alleged, for the first time, that his preliminary hearing took place on November 22, 2013;  up until that point, Plaintiff had provided no relevant information related to the events that occurred after his arrest (or the timing of said events) (*see* Dkt. 19, pg. 2 citing to *Wallace v. Kato*, 549 U.S. 384, 389-91 (2007) and explaining that federal claims for false arrest/false imprisonment accrue no later than the date on which the allegedly false imprisonment ends).  Based on the newly-provided information in Plaintiff's motion, the Court determined that Plaintiff's complaint may be timely and therefore granted Plaintiff's motion, vacated its March 30, 2016 dismissal order and judgment, and reinstated the case. (Dkt. 19)

On September 26, 2016, Defendants filed an answer (Dkt. 32) to the complaint.  On January 20, 2017, Defendants filed a joint motion for judgment on the pleadings (Dkt. 36).  The motion is fully briefed and ripe for this Court's review.  For the following reasons, Defendants' motion (Dkt. 36) is granted.

## II.  Standard

A motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a motion to dismiss under Rule 12(b)(6). *United States v. Wood*, 925 F.2d 1580, 1581 (7th Cir. 1991). Under Rule 12(c), a party can move for judgment on the pleadings after the filing of the complaint and answer. *Brunt v. Serv. Employees Int'l Union*, 284 F.3d 715, 718 (7th Cir. 2002). Only when it appears beyond a doubt that the plaintiff cannot prove any facts to support a claim for relief and the moving party demonstrates that there are no material issues of fact to be resolved will a court grant a Rule 12(c) motion. *Moss v. Martin*, 473 F.3d 694, 698 (7th Cir. 2007). The court may consider "the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). All well-pleaded allegations in the non-movant's pleadings must be taken as true, and all facts and reasonable inferences from those facts must be construed in the light most favorable to the non-movant. *Alexander v. City of Chicago*, 994 F.2d 333, 336 (7th Cir. 1993).

## III.  Background

Plaintiff brought this 42 U.S.C. § 1983 action, alleging false arrest and false imprisonment in connection with his October 28, 2013 arrest. (Dkt. 1) Specifically, Plaintiff alleges that Defendants Chicago Police Officers Kulisek and Cobarrubias stopped a vehicle in which he was a passenger on October 28, 2013. (*Id.* at pg. 4) Plaintiff alleges that Defendant Officers unlawfully arrested him for carrying a weapon in the vehicle, despite the fact that he did not know anything about the gun found in the car. (*Id.*) Plaintiff was charged with possession of the gun and was sent to Cook County Jail. (*Id.*)

On October 30, 2013, Plaintiff went before the Cook County Circuit Court Judge Israel A. Desierto for a *Gerstein*/probable cause hearing. (Defs.' Ex. A (Circuit Court of Cook County Certified Statement of Conviction/Disposition, Case No. 13113267501 at pg. 1, 2)).[1] Judge Desierto found probable cause to detain Plaintiff and set a bail amount of $150,000. (*Id.*)

Plaintiff's preliminary hearing was conducted on November 22, 2013 before Cook County Circuit Court Judge Ann O'Donnell. (*Id.*) On that same day, the case was transferred from the Cook County Circuit Court's First Municipal District to the Criminal Division. (*Id.*)

Plaintiff's criminal case progressed through the criminal court system until he had a bench trial before Cook County Circuit Court Judge Charles P. Burns on January 7, 2015. (Defs.' Ex. B (Circuit Court of Cook County Certified Statement of Conviction/Disposition, Case No. 13CR2291801 at pg. 3-4)). On that same date, Plaintiff was found not guilty. (*Id.* at pg. 4)

---

[1]    The Court may take judicial notice of the documentation/information related to Plaintiff's arrest and criminal prosecution. *See Anderson v. Simon*, 217 F.3d 472, 474–75 (7th Cir. 2000) (courts may take judicial notice of matters of public records at the pleading stage of a case).

## IV.    Discussion

Defendants have jointly moved for judgment on the pleadings, contending that Plaintiff's federal claim of false arrest/false imprisonment is barred by the statute of limitations. (Dkt. 36, pg. 6)  Defendants also argue that any additional tolling of the statute of limitations does not apply in this case. (*Id.* at pg. 7)  For the reasons set forth below, the Court grants Defendants' motion in its entirety.

### A.    Plaintiff's False Arrest/False Imprisonment Claim is Barred by the Statute of Limitations

Defendants argue that Plaintiff's federal claim of false arrest/false imprisonment is barred by the statute of limitations because the initial complaint was filed more than two years after the statute of limitations began to accrue. (*Id.* at pg. 6)  In his response, Plaintiff disputes the accrual date for his claim, maintaining now that the limitations period did not begin to run until he was arraigned on December 13, 2013. (Dkt. 43, pg. 2-3)

As explained in the Court's May 19, 2016 reinstatement order, the statute of limitations for an action arising under 42 U.S.C § 1983 filed in Illinois is two years (*see* Dkt. 19, pg. 2 citing *Johnson v. Rivera*, 272 F.3d 519, 521 (7th Cir. 2001)).  Federal claims for false arrest and false imprisonment accrue no later than the date on which the allegedly false imprisonment ends (*see id.* citing *Wallace*, 549 U.S. at 389-91)).  A false imprisonment ends when a person becomes held pursuant to legal process – for example, when he is bound over by a magistrate or arraigned on charges (*see id.*).  In this case, Plaintiff's arrest occurred on October 28, 2013. (Dkt. 1, pg. 4).  Although Plaintiff neglected to mention it in his previous filings with this Court, it is clear that Plaintiff received a *Gerstein*/probable cause hearing[2] before Judge Desierto on October 30, 2013 (two days after his arrest) (*see* Defs.'s Ex. A at pg. 2 showing "10/30/13 Probable Cause to Detain" hearing before Judge Israel Abaya Desierto and bail set at $150,000).  Once that hearing occurred, Plaintiff became held pursuant to legal process and the statute of limitations for his federal false arrest/false imprisonment claim accrued.  As such, Plaintiff had two years from that date – or, until October 30, 2015 – to file the instant lawsuit.  He waited until November 20, 2015,[3] about three weeks after the statute of limitations expired.  Accordingly, Plaintiff's federal claim for false arrest/false imprisonment is barred by the statute of limitations.

Defendants' motion with respect to this issue is therefore granted.  Plaintiff's federal claim for false arrest/false imprisonment against Defendants is dismissed with prejudice as untimely.

---

[2]    In *Gerstein v. Pugh*, 420 U.S. 103, 117 n.19 (1975), the Court held that a "timely judicial determination of probable cause [is] a prerequisite to detention" following warrantless arrest.

[3]    According to the prisoner mailbox rule, a plaintiff's *pro se* pleadings are deemed filed the date they are handed over to prison officials for mailing. *See Houston v. Lack*, 487 U.S. 266, 275-76 (1988).  It is unclear what particular date this occurred.   Plaintiff signed his complaint on November 20, 2015, and it was received in this Court on November 30, 2015.  The envelope in which he mailed his complaint is not date-stamped.  The Court gives Plaintiff the benefit of the earliest date and considers the complaint filed as of November 20, 2015.

**B.** **Any Additional Tolling of the Statute of Limitations Does Not Apply in this Case**

Defendants also argue in their motion that any additional tolling of the statute of limitations does not apply in this case. (Dkt. 36, pg. 7-8)

Initially, the Court notes that Plaintiff has not specifically responded to Defendants' position or otherwise offered any persuasive reason[4] as to why the limitations period should be tolled on equitable grounds.

Moreover, and in any event, the Court already considered whether equitable tolling should be applied in this case. Based on the reasons Plaintiff previously provided in his response to the Court's February 8, 2016 show cause order, the Court determined that equitable tolling of the statute of limitations was not warranted.[5] Plaintiff has provided no additional reason in his response – nor is any discernible on the record currently before this Court – that changes that determination.

Accordingly, Defendants' motion as to this issue is granted. Because any additional tolling of the statute of limitations beyond October 30, 2015 does not apply in this case, Plaintiff's federal claim for false arrest/false imprisonment remains untimely.

**V. Conclusion**

For the reasons stated above, Defendants' motion for judgment on the pleadings (Dkt. 36) is granted in its entirety. This case is dismissed with prejudice as untimely. The dismissal of this case counts as a dismissal under 28 U.S.C. § 1915(g). If Plaintiff accumulates three dismissals under § 1915(g), he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *See* § 1915(g).

Final judgment will be entered. If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. *See* Fed. R. App. P. 4(a)(1). Should Plaintiff appeal, he will be liable for the $505.00 appellate filing fee regardless of the

---

[4]     In his response to Defendants' motion, Plaintiff makes much ado about the fact that he did not apparently receive a copy of Defendants' motion to dismiss in a timely manner; he also asks that the Court "look into" a "civil case" he has pending against Tom Dart. (Dkt. 43, pg. 1, 3). To the extent Plaintiff has raised/referred to these things as arguments for equitably tolling the statute of limitations in this case, the Court finds them unpersuasive. Assuming Plaintiff did not, as he says, receive a copy of Defendants' motion in a timely manner, that would have no effect on why he failed to file *this* lawsuit in a timely manner. Similarly, the fact that Plaintiff has another lawsuit pending in this District has no effect on/relevance as to why Plaintiff was unable to file this particular lawsuit in a timely manner.

[5]     In his response to the Court's February 8, 2016 show cause order, Plaintiff provided the following reasons as to why he failed to file this lawsuit within the two year statute of limitations: (1) he was unaware of the two-year statute of limitations; (2) he did not have "much education" or "knowledge about the law or rules about the law"; (3) he had limited access to the law library at the Cook County Jail; (4) his public defender allegedly misled him about when he could file a lawsuit; and (5) he relied on *Heck v. Humphrey*, 512 U.S 477 (1994). (Dkt. 11) In its March 30, 2016 order, the Court considered each of these reasons and determined that equitable tolling was not warranted. (Dkt. 11)

appeal's outcome. *See Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed another "strike" under 28 U.S.C. § 1915(g). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Ibid.* To seek leave to proceed *in forma pauperis* on appeal, Plaintiff must file a motion for leave to proceed *in forma pauperis* in this Court. *See* Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. *See* Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. *See* Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. *See* Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A)(vi).

Date: 6-1-17        /s/        Charles Norgle